## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Eric Miguel Dowdy,

                Petitioner,     Case No. 20-10744

v.                            Judith E. Levy
                                 United States District Judge

Shane Jackson,

                Respondent.

_____/

## OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Eric Miguel Dowdy, ("Petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his 1987 conviction for second-degree murder, Mich. Comp. Laws Ann. § 750.317, and felony-firearm, his 1987 conviction for second-degree murder, Mich. Comp. Laws Ann. § 750.227b.

The Court summarily dismisses the petition for writ of habeas corpus, because it was not timely filed in accordance with the statute of

limitations contained in 28 U.S.C. § 2244 (d)(1) and the late-filed petition cannot be saved by equitable or statutory tolling.

## I. Background

Petitioner pleaded guilty to second-degree murder and felony-firearm.[1] On February 3, 1987, Petitioner was sentenced to thirty to forty five years in prison on the second-degree murder conviction and received a two year consecutive sentence on the felony-firearm conviction.

Petitioner's appellate counsel filed a motion for Petitioner to be re-sentenced to a parolable life sentence.[2] Petitioner argues that this was done without his knowledge. On September 4, 1987, Petitioner was re-sentenced to a parolable life sentence. (ECF No. 1, PageID. 67).

---

[1] Petitioner was convicted of second-degree murder and felony-firearm in another case. *People v. Dowdy,* 1986-006250-01-FH (Wayne Cty. Cir. Ct.). This conviction is not challenged in his petition.

[2] Justice Cavanagh, in her concurrence in Petitioner's post-conviction appeal, explains appellate counsel's motion for re-sentencing by noting, "At that time, conventional thinking was that parole would be achieved earlier from a parolable life sentence than from the effective 32-year minimum term defendant had received. Defendant's attorney filed a motion for resentencing seeking a parolable life sentence. Indeed, defendant had a sentencing agreement to that effect in one of his cases. The trial court granted the motion, converting defendant's sentence to parolable life." *People v. Dowdy*, 504 Mich. 977 (2019) (Mem.) (Cavanagh, J., concurring), *reconsideration denied*, 937 N.W.2d 680 (Mich. 2020).

2

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Dowdy,* No. 104359 (Mich. Ct. App. Oct. 13, 1988). Direct review of Petitioner's conviction ended on April 25, 1989, when the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Dowdy,* No. 84502, 1989 Mich. LEXIS 607 (Mich. Sup. Ct. Apr. 25, 1989).

On October 3, 2017, Petitioner filed a motion for relief from judgment pursuant to Mich. Ct. R. 2.612(C)(1)(d) with the trial court.[3] The trial judge construed the motion as a post-conviction motion for relief from judgment brought pursuant to Mich. Ct. R. 6.500, *et. seq.*, and denied relief. *People v. Dowdy,* Nos. 1986-006219-01-FH, 1986-006250-01-FH (Wayne Cty. Cir. Ct., Jan. 11, 2018). The Michigan Court of Appeals denied Petitioner leave to appeal. *People v. Dowdy,* No. 343551 (Mich. Ct. App. May 24, 2018). The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Dowdy*, 504 Mich. 977 (2019)

---

[3] The Court obtained this date from the Wayne County Circuit Court docket. https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3639525. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp*., 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

(Cavanagh, J., concurring), *reconsideration denied*, 937 N.W.2d 680 (Mich. 2020).

The petition is signed and dated March 16, 2020.[4]

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

---

[4] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on March 16, 2020, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

4

(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, the AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts "provides that district courts 'must promptly examine' state prisoner habeas petitions and must dismiss the petition '[i]f it plainly appears ... that the petitioner is not entitled to relief.'" *Day v. McDonough*, 547 U.S. 198, 207 (2006). This Court must determine whether the one-year statute of limitations in AEDPA, *see* 28 U.S.C. § 2244(d)(1), bars substantive review of Petitioner's claims.

This Court is "permitted ... to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. at 209. Before acting on its own initiative to dismiss a state prisoner's habeas petition as untimely, a federal district court must give the parties fair notice and an opportunity to present their positions regarding the timeliness issue. *Id.,* at 210. In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir. 1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415–16 (6th Cir. 2007).

Petitioner argues in his petition that the one-year statute of limitations does not apply to his case because his claims were not adjudicated on the merits by the state courts. Petitioner also appears to argue that any untimeliness should be excused because he only learned at a later date that he had been re-sentenced to life in prison. Accordingly, Petitioner has been given an opportunity to address the limitations issue. *See Plummer v. Warren,* 463 F. App'x 501, 505 (6th Cir. 2012); *see also Stewart v. Harry*, No. 17-1494, 2017 WL 9249946, at * 1 (6th Cir. Nov. 21, 2017).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied Petitioner leave to appeal on April 25, 1989. Petitioner's conviction became final, for purposes of the AEDPA's limitations period, on the date that the 90-day time period for seeking certiorari with the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on July 24, 1989, when he failed to file a petition for writ of certiorari with the United States Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188.

Because Petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, Petitioner had a one-year grace period from this date to timely file a petition for habeas relief with the federal court. *See Israfil v. Russell*, 276 F. 3d 768, 771 (6th Cir. 2001). Absent state collateral review, Petitioner was required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

Petitioner filed a motion for relief from a void judgment pursuant to  Michigan Court Rule 2.612(C)(1)(d) with the trial court on October 3,

7

2017. But Michigan Court Rule 2.612 applies to relief from judgment in civil actions, not in criminal proceedings. Under Michigan Court Rule 6.501, "a judgment of conviction and sentence entered" . . . in a criminal case "may be reviewed only in accordance with the provisions" of Rule 6.500 *et seq.* And under Rule 6.500, the only provision is under Michigan Court Rule 6.502, which provides for the filing of a post-conviction motion for relief from judgment. Accordingly, Petitioner's sole post-conviction remedy to challenge his conviction was to file a motion for relief from judgment pursuant to Michigan Court Rule 6.500, *et. seq.*

Moreover, Petitioner's Michigan Court Rule 2.612 motion did not toll or expand the statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. An application for state post-conviction relief is considered "properly filed," for purposes of triggering the tolling provisions of § 2244(d)(2), when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g. requirements concerning the form of the document, the court and office in which it must be lodged, payment of a

filing fee, and applicable time limits upon its delivery." *Israfil v. Russell,* 276 F. 3d 768, 771 (6th Cir. 2001). But as set forth above, Petitioner did not file a motion under the proper court rule. Accordingly, Petitioner's motion for relief from a void judgment filed under Michigan Court Rule 2.612 was not a properly filed post-conviction motion that would toll the limitations period pursuant to 28 U.S.C. § 2244 (d)(2). *See Rideaux v. Perry*, No. 16-1458, 2017 WL 3404658, at * 1 (6th Cir. Feb. 27, 2017).

Moreover, even if Petitioner's motion for relief from a void judgment constituted a properly filed post-conviction motion, it still would not toll the limitations period because it was filed on October 3, 2017, long after the one-year limitations period expired. A state-court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); see also *Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002).

Petitioner argues that he did not know that the trial judge re-sentenced him to prison on September 4, 1987. Petitioner argues he did not learn that he had been re-sentenced to life in prison "until he was

serving his sentence at Jackson Prison and received a Basic Information Sheet outlining the matter." (ECF No. 1, PageID.6–7). Petitioner states that, "It was not until I received my Basi[c] Information Sheet while housed in Jackson Prison, that I discovered that I had been re-sentenced." (ECF No. 1, PageID. 8). Petitioner later argues that it was not until the judge denied his motion to vacate sentence on January 11, 2018 that he realized that his original sentence of 30–45 years remained valid and the subsequent amended judgment of sentence of life in prison was invalid. (ECF No. 1, PageID.24). In an affidavit that Petitioner attached to his petition, he indicates that, "It was not until the modified Judgment of Sentence prepared by Appellate Counsel and received by Affiant while at the State Prison for Southern Michigan, that Affiant learned that the hearing and the re-sentencing had even taken place." (ECF No. 1, PageID. 53).

Under 28 U.S.C.§ 2244(d)(1)(D), AEDPA's one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles*, 431 F. 3d 896, 898 (6th Cir. 2005). However, the time commences under §

2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson*, 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for their claims, not when the petitioner recognizes the facts' legal significance. *Id.* In addition, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at p. 772. Lastly, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery ... is not a 'factual predicate' for purposes of triggering the statute of limitations

under § 2244(d)(1)(D)." *See Jefferson v. U.S.*, 730 F. 3d 537, 547 (6th Cir. 2013) (*quoting Rivas v. Fischer*, 687 F.3d 514, 535 (2nd Cir. 2012)).

Petitioner is unable to invoke § 2244(d)(1)(D) to delay the running of the limitations period because he has not provided this Court with information regarding the date that he discovered the factual predicate for his claim that he had been improperly re-sentenced, nor does he explain why he could not have attempted to seek this information many years earlier than he did. Petitioner failed to establish "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," and thus, Petitioner does not meet his burden of establishing that the re-sentencing was newly discovered evidence which would delay the commencement of the one-year limitations period. *See McSwain v. Davis*, 287 F. App'x. 450, 454–55 (6th Cir. 2008). This Court rejects Petitioner's contention that the factual predicate for his claim could not have been discovered sooner because his argument is unsupported and conclusory. *See Grayson v. Grayson*, 185 F. Supp. 2d 745, 750 (E.D. Mich. 2002).

If anything, Petitioner's statement in his affidavit suggests that his appellate counsel prepared a modified judgment of sentence and sent it

to Petitioner in prison. To the extent that Petitioner was aware of the factual predicate of the re-sentencing at the time of his direct appeal, the commencement of the running of the statute of limitations would not be delayed pursuant to 28 U.S.C.§ 2244(d)(1)(D). *See Fleming v. Evans,* 481 F.3d 1249, 1258 (10th Cir. 2007); *Trice v. Hulick,* 558 F. Supp. 2d 818, 824–25 (N.D. Ill. 2008). The petition is therefore untimely.

Petitioner further argues that AEDPA's statute of limitations does bar review of his claims because the state courts never adjudicated his claims on the merits. (ECF No. 1, PageID. 24). Setting aside the fact that Petitioner's claims did appear to be adjudicated on the merits, at least by the trial court, a state court's failure to adjudicate a habeas petitioner's claims on the merits is not a basis for a federal court to ignore the one-year statute of limitations contained in 28 U.S.C.§ 2244(d). *See DeWild v. Raemisch*, 750 F. App'x. 703, 705 (10th Cir. 2018). Accordingly, this argument is without merit.

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on the habeas petitioner to show that they are entitled to the equitable tolling of the one-year limitations period. *Id.*

Here, Petitioner is not entitled to equitable tolling of the one-year limitations period because he failed to argue or show facts to support equitable tolling. *See Giles v. Wolfenbarger,* 239 F. App'x. 145, 147 (6th Cir. 2007). First, the one-year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible

14

under *Schlup*, such a claim requires a habeas petitioner to support their allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner's case falls outside of the actual innocence tolling exception because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable, in light of the fact that the petitioner pleaded guilty. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005).

## III.   Certificate of Appealability

Petitioner is required to obtain a certificate of appealability ("COA") in order to appeal the Court's decision. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a court evaluates relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable

jurists would find the Court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that reasonable jurists would not debate the correctness of the Court's ruling. Therefore, a COA is denied.

An appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court denies Petitioner leave to proceed in forma pauperis on appeal. *See* 28 U.S.C. § 1915(a)(3).

## IV. Conclusion and Order

For the reasons set forth above, the petition is DENIED AND DISMISSED WITH PREJUDICE and a certificate of appealability is DENIED. Petitioner is DENIED leave to appeal in forma pauperis on appeal.

IT IS SO ORDERED.

Dated: November 9, 2020          s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2020.

<u>s/William Barkholz</u>
Case Manager

17